IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED RAYMOND BOURDON,

    Petitioner,

v.                                                                               CIV 08-0578 JH/KBM

THE HONORABLE H. PAUL TSOSIE,
CHIEF JUDGE, SANTA CLARA PUEBLO
TRIBAL COURT,

    Respondent.

## PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    Petitioner Fred Bourdon is an enrolled member of the Santa Clara Pueblo. This matter is before me on his petition seeking habeas relief against the Chief Judge of the Santa Clara Pueblo Tribal Court. Liberally construing the *pro se* pleadings, Petitioner asserts two claims that arise from two different proceedings in the tribal court – one civil and one criminal. Respondent moves to dismiss both claims for failure to exhaust tribal remedies. *See Doc. 1.* Although I find it necessary to discuss the litigation background of this case, I ultimately agree with Respondent that the tribal court must first address the issues raised in the petition.

*Litigation History*

This Court may take judicial notice of its own records. *See e.g., United States v. Estep,* 760 F.2d 1060, 1063 (10th Cir. 1985). Petitioner has pointed to two of them, and in reviewing those and even more lawsuits brought in this district, I have pieced together what I believe to be "The Rest of the Story" as the late Paul Harvey would say.

Petitioner ("Bourdon") and his wife Birdell Colleen Bourdon *nee* "Askan" ("Birdell") both together and individually are no strangers to federal court and have sought relief on a number of occasions. A common thread woven through these suits is alleged harassment stemming from a long-standing property dispute.

*Fred Bourdon v. Tsosie, et al.,* CIV 95-1512 SAC/LCS

Petitioner first sought relief in this district in 1995. All of the details of that lawsuit are not immediately available because the records are not scanned into our now electronic record system. The action was coded as a habeas matter and "Paul Tsosie" was named as a respondent and the same attorney who represents Chief Judge Paul Tsosie here is the same attorney that represented Paul Tsosie then. Bourdon's wife and other relatives were brought in as participants. Before dismissing the action, Judge Santiago Campos issued a notice to Santa Clara Pueblo Tribal Court Judge Dennis Silva to "take notice" that in issuing a criminal

summons to the Bourdons "in connection with" the federal petition, the tribal judge's actions "could constitute obstruction of justice in federal court [and/or] a violation of Petitioners' right to access to federal court." *See Bourdon v. Sisneros,* CIV 08-444 MV/LFG (*Doc. 1-2* at 10).

*Birdell Bourdon v. Office of the Governor,* CIV 01-1158 WJ/LCS

Petitioner's wife filed the next lawsuit on behalf of her family in 2001. *Id. (Doc. 1* at 4, 5). The voluminous attachments to her § 1983 complaint were not scanned, but the rambling documents which were scanned indicate that she and her "entire" family sought to be "free from harassment [and] threats of expulsion" from property that she claimed was hers. *Id.* at 2, 3, 5. In dismissing that action, District Judge Johnson discussed the essence of the claims. In September 2001, the Santa Clara Pueblo Tribal Council assigned property that had belonged to Birdell's deceased mother – Marie Askan – to Merton Sisneros. Birdell believed the land was her private property She unsuccessfully relied on a 1989 agreement between the Pueblo and Indian Health Services to improve the water and waste disposal facilities for her mobile home residence then located on the property. *Id.* at 3.

*Birdell Colleen Bourdon v. Santa Clara Pueblo, et al.,* CIV 08-444 MV/LFG.

Birdell filed yet another § 1983 action in 2008 involving the same dispute. She again alleged, in great detail and with attached documents, that continued

harassment had resulted to an order of eviction for her and her family in Tribal Court Civil case "CV-08-295." *See id.* (*Doc. 1* at 1-10; *Doc. 1-2* at 1-14; *Doc. 1-3* at 1-25). The tribal court cited as grounds for eviction "disturbances, arguments, calls for Law Enforcement to settle neighborhood and family disputes," and Tribal Judge Tsosie ordered that "Mr. Fred Bourdon and Mrs. Birdell Bourdon shall vacate said premises" by the end of May 2008. *Id.* (*Doc. 1-2* at 1). Chief District Judge Martha Vázquez dismissed Birdell's action on May 21, 2008, "for essentially the same reasons that Judge Johnson dismissed her earlier complaint." *Id.* (*Doc. 3* at 4).

*Fred Raymond Bourdon v. Hon. H. Paul Tsosie, et al.* (the present case)

Within a month of that dismissal, Petitioner filed the instant habeas action where he raises two claims – one based on the civil order of eviction and the other based on a criminal charge. The criminal complaint and arresting officer statement in Tribal Court number "CR-06-288" indicate that Petitioner was arrested for possession of marijuana on January 26, 2006. *Petition Exh.1* at 18-19. While on their way to Birdell's home to serve an arrest warrant for an unnamed individual, the officers smelled marijuana, searched the residence and found a container of the same. Petitioner allegedly claimed the marijuana belonged to him. *See id.*

Petitioner's exhibits indicate that Bourdon was released on bond[1] the following day. *Id.* at 2. According to Bourdon, he was told that the court would contact him by telephone as to the dates of further proceedings, but has not yet been contacted. *Petition* at 4. He thus claims that his

> rights to face my accusers have been denied. I am at risk
> to be arrested, jailed for any violation of my bond. . . .
> I request my bond be returned and criminal complaint
> against me be dismissed and records sealed; I also seek
> monetary damages and punitive damages for improper
> procedures.

*Id.* (spelling corrected). Bourdon requests that the "charges be dismissed [and his] bond money with interest returned." *Doc. 1* at 1, 5. He contends that the tribal court procedures are improper and have failed to afford him a "fair & speedy trial." *Id.* at 1, 15.

Bourdon's second claim is premised on Tribal Court civil case "CV-08-295." When the tribal court assigned the disputed property to Mr. Sisneros in 2001, it also recommended that Mr. Sisneros allow Birdell "the use of the property and that

---

[1] Included in Birdell's filings in the case before Judge Vázquez was a receipt made out to "Fred Bourdon" numbered "4568" dated "1/27/06" in the amount of $150.00 for "CR-06-[illegible]8 bond release." *Bourdon v. Sisneros,* CIV 08-444 MV/LFG (*Doc. 1-2* at 7).
   Two other receipts for "bail" – one in the amount of $100 and the other for $500 – were also submitted in that past litigation. (*Doc. 1-2* at 1-2). The criminal case number is illegible but the defendant appears to be Birdell. These bond receipts apparently relate to the assault charges against Birdell that were dismissed in November 2006 because the prosecutor had not followed proper procedures. *Petition Exh. 1* at 1.

he be as equitable as possible with her and others using the property." CIV 08-444 MV/LFG, *Doc. 1*-3 at 10. Evidently, Mr. Sisneros acquiesced and permitted Birdell, Bourdon and their family members to reside in her mobile home located on Sisneros property, but imposed the following conditions:

> 1. Birdell and Fred must get help with the domestic violence they continually are involved in.
> 2. Restrain from abusing all our family members when we happen to go by their trailer (Verbal abuse) One instance of physical harm has been done already. Andy Askan had his arm broken by Fred Bourdon.
> 3. Birdell, Fred and their family members must stop verbally and physically harassing Linda Askan and her family.
> 4. The land used by the Bourdons must be fenced and maintain[ed].

*Id.* at 11. On April 1, 2008, Mr. Sisneros informed the Bourdons that they had violated these conditions, specifically referring to the fourth condition, and he filed the civil eviction lawsuit against them. After a hearing, Defendant Tsosie entered an order requiring the Bourdons to vacate the property and remove their personal property within thirty days.

Petitioner asserts that as a result of that Order, he and his ten family members were "evicted," "banished" and "expulsed" from Santa Clara Pueblo and that their property was illegally confiscated. *Id.* at 1, 7-8. Defendant Tsosie believes that

description mischaracterizes the effect of the Order, but did not elaborate and instead relies on the exhaustion of tribal remedies defense to federal court jurisdiction.

*Legal Analysis*

As an initial matter, it should be noted that Petitioner filed this action using a form for habeas relief under 28 U.S.C. § 2254. That section is inapplicable here because it applies only to "State" court judgments. Instead, federal habeas review of tribal court "detentions" are actionable under 25 U.S.C. §1303, which provides: "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of any Indian tribe." *E.g., Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 57 (1978). Respondents do not argue that Petitioner fails to meet the "detention" requirement, nor do I interpret a portion of the affidavit submitted with their motion to suggest so.[2]  Thus, even though prior

---

[2] One of the points in the affidavit attached to Respondent's motion to dismiss states that Petitioner is not "currently subject to an order of incarceration." *Doc. 11-2* at 1. However, the Tenth Circuit holds that the "detention" requirement of § 1303 is "analogous" to the "in custody" requirement for other habeas cases. *Dry v. CFR Court of Indian Offenses for Choctaw Nation,* 168 F.3d 1207, 1208 n. 1 (10th Cir. 1999) (citing *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 890-93 (2nd Cir.), *cert. denied,* 519 U.S. 1041 (1996)). As such, a person need not be in prison to pursue habeas relief. *Id.* (citing *Maleng v. Cook,* 490 U.S. 488, 491 (1989)). Although the Tenth Circuit has not decided the issue of whether "banishment" or "disenrollment" from a tribe constitutes "detention," other courts have done so. *See Walton v. Tesuque Pueblo,* 443 F.3d 1274, 1279 n.2 (10th Cir. 2006) (recognizing courts so hold but noting it was unnecessary to make that decision given facts of case); *Doc. 11* at 3. I need not resolve that issue given the following observation.

Where, as here, Petitioner is subject to a restraint that is "'not shared by the public generally,'" the custody/detention requirement is satisfied. *Id.* (quoting *Jones v. Cunningham,* 371

proceedings in this district have twice dismissed the *§ 1983* challenges to the assignment of property and eviction, the second *habeas* claim based on the same allegations is not subject to summary dismissal.

Like other habeas actions, however, Petitioner must have first exhausted his tribal remedies before he can resort to federal court.  The Supreme Court's decision in *National Farmers,* which imposed a tribal exhaustion requirement to cases arising under federal question jurisdiction, has been extended to detention cases under § 1303 by some courts, including the Tenth Circuit in a footnote in an unreported opinion.[3]  I will recommend the same here.

---

U.S. 236, 240 (1963)).  The January 27, 2006 order that released Petitioner after his arrest states that he was "released on bond and is scheduled for appearance before the Court on the 30th day of January, 2006; at 11:30 a.m." *Doc. 1-2* at 2.  Furthermore, he was prominently notified that if he failed to appear it would "result in forfeiture of Bond and a Bench Warrant to be issued for the Defendant's arrest" and that while he "is on release pending appearance before the Court, he or she shall not commit any violation of law; which shall result in immediate detention until his or her appearance before the Court."  *Id.*  There is nothing in the record or affidavit that indicates the hearing was held, and Respondents apparently do not dispute Petitioner's assertion that he is in limbo because no hearing was ever held and he remains subject to the terms of the release order.

[3] *See National Farmers Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 856 (1985); *Harvey on Behalf of Chavez v. Star,* 1996 WL 511586 at *1, n.2 (10th Cir. 1996) ("Further, the exhaustion requirement controlling our disposition under § 1331 applies as well to § 1303."); *id.* at *2 ("*National Farmers* also established the tribal abstention doctrine, requiring courts to abstain from exercising this federal question jurisdiction until tribal remedies have been exhausted "unless the 'assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction."); *Lyda v. Tah-Bone,* 962 F. Supp. 1434, 1435-36 (D. Utah 1997) (applying *National Farmers* rationale to § 1303); *compare Azure v. Turtle Mountain Tribal*

Respondent correctly observes that there are exceptions to the exhaustion requirement and also asserts that it is Petitioner's burden to establish an exception. *See Doc. 11* at 5 (citing *Kerr-McGee Corp. v. Farley,* 115 F.3d 1498, 1502 (10th Cir. 1997). Respondent further notes that there is an available habeas tribal remedy available to Petitioner. It appears that the appeal for the eviction matter has long been concluded by virtue of the dismissal order dated August 4, 2008, which dismissed on procedural grounds because Petitioner and his wife failed to comply with rules. *See Doc. 11-2* at 5-8.

Having reviewed the tribal habeas rule, it appears that exhaustion would not be futile for the criminal matter because there are no time-limits associated with bringing the appeal. On the face of the rule, there do not appear to be other reasons why Petitioner could not challenge the conditions of release for a minor criminal matter that has never been brought to a close in over two years.

Wherefore,

---

*Court,* 2009 WL 113597 at *2 (D. N.D. 2009) ("The Indian Civil Rights Act provides: 'The privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his detention by order of an Indian tribe.' 25 U.S.C. § 1303. The Eighth Circuit has held that "as a matter of comity . . . tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one. . . . In the past, this court has required that persons seeking habeas relief under § 1303 exhaust tribal court remedies prior to seeking habeas relief under § 1303.") (and cases cited therein), *with In re Garvais,* 402 F. Supp. 2d 1219, 1220 (E.D. Wash. 2004) ("pursuant to 25 U.S.C. § 1303, which states that "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by Order of an Indian tribe," does not require Garvais to first exhaust his challenges in tribal court before seeking habeas relief in this court.") (and cases cited therein).

IT IS HEREBY RECOMMENDED that this matter be dismissed for lack of exhaustion of tribal remedies.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE