IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED RAYMOND BOURDON,

       Petitioner,

v.                                                            CIV 08-0578 JCH/KBM

THE HONORABLE H. PAUL TSOSIE,
CHIEF JUDGE, SANTA CLARA PUEBLO
TRIBAL COURT,

       Respondent.

## ORDER AMENDING & ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

The Magistrate Judge filed her proposed findings on March 6, 2009. Among other things, the proposed findings stated Petitioner Fred Bourdon is an enrolled member of the Santa Clara Pueblo and recommended that this action be dismissed for lack of exhaustion of tribal remedies. *See Doc. 12.*

In response to the proposed findings, Respondent Chief Judge H. Paul Tsosie indicated that Petitioner is not a member of the Santa Clara Pueblo and that his status is irrelevant to his federal habeas petition. *See Doc. 13* at 1. As illustrated in the Magistrate Judge's findings, this case has been complicated by a lack of clear documentation. *See Doc. 12* at 2. However, Petitioner filed additional documents, including a certificate and other papers establishing that he is listed in the Alaska Native Claims Settlement Roll. *See Doc. 14-3* at 1-3. Thus, I grant Respondent's motion to "correct" the proposed findings.

The Magistrate Judge's proposed findings tracked the two tribal cases that are the basis for this habeas action. The first is the marijuana possession charge in Tribal Court criminal number "CR-06-288," for which Petitioner was immediately released on bond and evidently never proceeded to trial. The second is the eviction of the entire Bourdon family in Tribal Court civil number "CV-08-295." I construe the documents Petitioner submitted as "objections" and have carefully reviewed and considered them *de novo*. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). None of the documents alter the Magistrate Judge's findings that the marijuana charge is unexhausted and that challenges to the eviction proceedings have already been the subject of prior federal actions dismissed with prejudice. *See, e.g., Bourdon v. Santa Clara Pueblo*, CIV 08-0444 MV/LFG (Doc. 3). As such, one habeas challenge is premature and the other moot. Alternatively, I find no merit to the vague suggestion that the eviction proceedings were in any way improper. *See Doc. 1 at 7*.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Respondent's motion to "correct" *(Doc. 13)* is GRANTED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 12)* is ADOPTED;

3. Respondent's Motion to Dismiss the habeas petition as unexhausted *(Doc. 10)* is GRANTED;

4. The petition is dismissed **with prejudice;** and

5. A final order enter concurrently herewith.

_____
UNITED STATES DISTRICT JUDGE