IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED RAYMOND BOURDON,

       Petitioner,

v.                                                                   CIV 08-0578 JCH/KBM

THE HONORABLE H. PAUL TSOSIE,
CHIEF JUDGE, SANTA CLARA PUEBLO
TRIBAL COURT,

       Respondent.

## ORDER DENYING POST-DISMISSAL MOTION

This habeas action was dismissed in early April 2009, there was no appeal, and Petitioner has filed a document that has been docketed as a motion to reconsider. *See Docs. 15-17*. Because the motion was filed more than ten days after the entry of the final order dismissing the action, the Court will construe it as one for relief from judgment under Rule 60(b). *E.g., Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure . . . may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).").

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.,* 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation and citation omitted). Moreover, "[p]arties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Id.* (internal quotation and citation omitted). Not only do Petitioner's grounds for relief presented fail to meet

any of the specific grounds for relief stated in Rule 60(b), they are also not exceptional and do not meet this high burden.

This habeas case challenged two tribal proceedings – a marijuana charge and an eviction. The Court dismissed the petition with prejudice for different reasons. The challenge to the marijuana charge had not been exhausted. The eviction challenge, however, which is the subject of the Rule 60 motion, *see Docs. 17, 19,* was dismissed as moot because the eviction dispute had been previously litigated in this court and dismissed, and also because there was "no merit to the vague suggestion that the eviction proceedings were in any way improper," *Doc. 15* at 2. The documents submitted with the Rule 60(b) motion rehash what the Court has already considered. *See Docs. 12, 15.*

To the extent that the Rule 60(b) motion is raising a habeas challenge to a civil restraining order secured by a private person, the Court finds any such claim noncongnizable for the reasons stated by Respondent. *See Doc. 18* at 2.

Wherefore,

**IT IS HEREBY ORDERED** that Petitioner's motion *(Doc. 17)* be **denied**.

_____
UNITED STATES DISTRICT JUDGE

2